**FILED**

May 08, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ **JW** _____

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **DAVID RUSSELL HOWARD** § | |
| § | |
| *Plaintiff,* § | |
| **v.** § | **Cause No. 3:26-cv-00344-LS** |
| § | |
| **AKIMA GLOBAL SERVICES, LLC, and** § | |
| **AKIMA, LLC,** § | |
| § | |
| *Defendants.* § | |
| § | |

<u>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**</u>

Before the Court is Defendants' Akima Global Services, LLC and Akima, LLC's Opposed Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay Proceedings Pending Arbitration (ECF No. 8). The Honorable District Judge Leon Schydlower referred this case to the undersigned Magistrate Judge for a **REPORT AND RECOMMENDATION** pursuant to 28 U.S.C. § 636(b)(1) and Local Court Rule CV-72. (ECF No. 13).  Having considered the Motion, the Response, the Reply, the record, and the applicable law, the Court recommends that the Motion be **GRANTED IN PART and DENIED IN PART**.

In their Motion, Defendants move the Court, pursuant to 9 U.S.C. § 4, to compel Plaintiff to arbitrate his claims in accordance with the parties' written arbitration agreement.[1] Defendants further request dismissal of Plaintiff's claims without prejudice or, in the alternative, a stay of proceedings pending arbitration pursuant to 9 U.S.C. § 3.[2]

In his Response, Plaintiff states that, "[a]fter reviewing the evidence attached to Defendants' Motion, Plaintiff does not oppose the compelling of arbitration."[3] Plaintiff also asserts

---

[1] ECF No. 8 at 1.
[2] *Id*.
[3] ECF No. 11 ¶ 1.

that he "opposes a dismissal of the instant case" and instead "does not oppose the compelling of arbitration, and a stay of the instant case pending arbitration."[4] Further, Plaintiff makes this request pursuant to 9 U.S.C. § 3.[5]

In their Reply, Defendants state that they "respect and appreciate the quick response by Plaintiff and [Plaintiff]'s willingness to proceed to arbitration in accordance with the Arbitration Agreement."[6] Further, Defendants agree that "if the Court stays this matter (pursuant to 9 U.S.C. § 3), then dismissal is not appropriate," and that if the Court enters a stay without dismissal, Defendants "will be satisfied that they have obtained appropriate relief pursuant to their motion."[7] However, Defendants also assert that the "Federal Arbitration Act's language in section 4 is much different than in section 3 and that a dismissal without prejudice is a practical and appropriate fit in the context of arbitration being compelled."[8]

The Federal Arbitration Act permits a party to petition for an order compelling arbitration based on "the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." 9 U.S.C. § 4. As the Fifth Circuit has explained, "[e]nforcement of an arbitration agreement involves two analytical steps. The first is contract formation—whether the parties entered into any arbitration agreement at all. The second involves contract interpretation to determine whether this claim is covered by the arbitration agreement." *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016).

Here, based on Defendants' Motion, Plaintiff's Response, and Defendants' Reply, the Court finds that the parties entered into a written arbitration agreement and that Plaintiff's claims

---

[4] *Id.* ¶¶ 2–3.
[5] *Id.*
[6] ECF No. 12 at 1.
[7] *Id.* at 1–2.
[8] *Id.* at 2.

asserted in this action fall within the scope of that agreement. Plaintiff's complaint alleges claims against Defendants under USERRA, the FLSA, and the ADA.[9] The record includes an Arbitration Agreement signed by Plaintiff and Akima, LLC, which provides that it "will govern the resolution of all disputes, claims, and any other matters in question arising out of or relating to the Parties' employment relationship" and that the Parties "shall resolve all disputes arising out of the employment relationship in accordance with the provisions of this Agreement."[10] Further, the Agreement provides that "any claim, complaint, or dispute that relates in any way to the Parties' employment relationship, whether based in contract, tort, statute, fraud, misrepresentation, or any other legal theory, shall be submitted to binding arbitration," and confirms that it covers all claims under applicable federal, state, or local laws arising out of Plaintiff's employment and termination, including claims for discrimination based on military and veteran status and "all claims arising under … the Americans With Disabilities Act (ADA) [and] the … Fair Labor Standards Act (FLSA)."[11] Plaintiff does not dispute that he signed the Agreement or that it is valid and enforceable, and he affirmatively states that he does not oppose compelling arbitration.[12] **For these reasons, the Court recommends that arbitration be compelled.**

The Court further finds that a stay is required. Section 3 of the Federal Arbitration Act provides that when a court finds that an issue is referable to arbitration under a written agreement, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. When a party requests such a stay, as Plaintiff has done here, the Court must stay the action rather than dismiss it. *Smith v. Spizzirri*, 601 U.S. 472, 144 S. Ct. 1173, 218 L. Ed. 2d 494 (2024) (holding that "[w]hen a

---

[9] *See* Pl. Compl., ECF No. 1.
[10] ECF No. 8-3, Ex. A-1; ECF No. 8-4, Ex. A-2.
[11] *Id.*
[12] *See* Pl.'s Resp., ECF No. 11.

district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending

arbitration, § 3 of the FAA compels the court to stay the proceeding.")

Accordingly, it is recommended that Defendants' Opposed Motion to Compel Arbitration

and Dismiss or, in the Alternative, Stay Proceedings Pending Arbitration (ECF No. 8) be

**GRANTED IN PART** to the extent it seeks to compel arbitration and a stay of this action. It is

further recommended that this case be **STAYED** pending arbitration, and that, in light of the stay

under 9 U.S.C. § 3, Defendants' request to dismiss this action be **DENIED**.

**So RECOMMENDED and SIGNED this 8th day of May 2026.**

_____
**LAURA ENRIQUEZ**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE</u>**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**